J-A07005-26

2026 PA Super 130

| HUNTER HUGGINS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PROGRESSIVE ADVANCED | : | No. 965 MDA 2025 |
| INSURANCE COMPANY | : | |

Appeal from the Order Entered June 30, 2025
In the Court of Common Pleas of Perry County Civil Division at No(s):
CV-2024-0371

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

OPINION BY BOWES, J.:                    **FILED: JUNE 18, 2026**

Hunter Huggins ("Plaintiff") appeals from the order granting the motion for summary judgment filed by defendant Progressive Advanced Insurance Company ("Progressive").  Additionally, the trial court dismissed with prejudice Plaintiff's declaratory judgment action against Progressive, in which he had sought underinsured motorist ("UIM") benefits.  We affirm.

We glean the following from the certified record.  Plaintiff applied for motorcycle insurance through Progressive on August 29, 2022, with coverage beginning on that date and extending for one year.  Critically, that was his only policy with Progressive.  On September 2, 2022, Plaintiff electronically executed the policy and signed a letter rejecting UIM protection.  On April 2, 2023, Plaintiff was struck by a motor vehicle while he was driving his motorcycle.  As a result of the collision, he suffered a partial foot amputation, lacerated spleen, and several arm fractures.  Plaintiff amicably resolved a

third-party claim against the driver. Thereafter, Plaintiff filed a UIM claim under his motorcycle policy with Progressive, which was denied based upon the September 2, 2022 rejection.

Plaintiff initiated a declaratory judgment action against Progressive, asserting his entitlement to UIM coverage. According to Plaintiff, the rejection was invalid because the form did not include the associated policy number. Progressive disagreed, arguing that his rejection of UIM benefits was binding. Both parties filed motions for summary judgment and argued their positions to the court. Upon review, the trial court determined there was no question that the UIM rejection form pertained to the only policy Plaintiff had with Progressive. Since it concluded that Plaintiff had declined UIM coverage in accordance with the requirements set forth in 75 Pa.C.S. § 1731 of the Motor Vehicle Financial Responsibility Law ("MVFRL"), the court granted summary judgment in favor of Progressive and dismissed Plaintiff's complaint with prejudice.

This timely appeal followed. Plaintiff complied with the trial court's order to file a concise statement pursuant to Pa.R.A.P. 1925(b).[1] In response, the court authored a Rule 1925(a) opinion explaining why it had granted summary judgment in favor of Progressive and dismissed Plaintiff's complaint. In his brief, Plaintiff presents three issues for our resolution:

---

[1] We remind the trial court that it must include "the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii).

A. Whether the trial court erred as a matter of law in granting [Progressive]'s motion for summary judgment and dismissing [Plaintiff's] complaint with prejudice because the UIM rejection form at issue is void under [§] 1731 of the [MVFRL] for failing to include the applicable policy number.

B. Whether the trial court erred as a matter of law in granting [Progressive]'s motion for summary judgment and dismissing [Plaintiff's] complaint with prejudice because the UIM rejection form at issue is ambiguous without including the applicable policy number and thus should be construed against the drafter and in favor of coverage.

C. Whether [Plaintiff] is entitled to UIM coverage equal to the bodily injury liability limits in the absence of a valid UIM rejection form that "specifically complies" with [§] 1731 and the rationale supporting the [MVFRL].

Plaintiff's brief at 5 (unnecessary capitalization omitted).

We begin with the principles governing appeals from orders granting summary judgment:

Our scope of review is plenary, and our standard of review is the same as that applied by the trial court. An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo.*

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

- 3 -

***Weilacher v. State Farm Mut. Auto. Ins. Co.***, 65 A.3d 976, 982 (Pa.Super. 2013) (cleaned up).

At bottom, Plaintiff contends that his UIM rejection was void because it did not denote the policy number.  The lack of a policy number, in his mind, rendered the form both noncompliant with § 1731 and ambiguous.  Thus, we first set forth the MVFRL's waiver requirements for UIM coverage:

> **(c) Underinsured motorist coverage.--**Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles.  The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form:

> ### REJECTION OF UNDERINSURED MOTORIST PROTECTION

> By signing this waiver I am rejecting underinsured motorist coverage **under this policy**, for myself and all relatives residing in my household.  Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages.  I knowingly and voluntarily reject this coverage.

> _____
> Signature of First Named Insured

> _____
> Date

> **(c.1) Form of waiver.--**Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in

prominent type and location.[2]  The forms must be signed by the first named insured and dated to be valid.  The signatures on the forms may be witnessed by an insurance agent or broker.  **Any rejection form that does not specifically comply with this section is void.**  If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits.   On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists.  Any person who executes a waiver under subsection (b) or (c) shall be precluded from claiming liability of any person based upon inadequate information.

75 Pa.C.S. § 1731 (emphases added).

As we have explained:

Section 1731 requires an insurer to use exact language and adhere to very specific technical rules in order to have an insured successfully reject UM [or UIM] coverage.  This mandated strict compliance with [§] 1731 is founded upon the strong public policy favoring UM/UIM coverage.

When an insurer fails to comply, in any degree, with the statutorily required rejection/waiver rules found in [§] 1731, our court has found such attempted UM[/UIM] waiver invalid.

**Nat'l Union Fire Ins. Co. v. Irex Corp.**, 713 A.2d 1145, 1149–50 (Pa.Super. 1998) (cleaned up).  Thus, to be valid, a UIM rejection form must:  (1) employ "certain stated language" as set forth in § 1731(c), without alteration; (2) display that required language in "prominent type and location" pursuant to § 1731(c.1); (3) be signed by the first named insured; and (4) be separate

---

[2] Subsection (b) refers to uninsured motorist protection ("UM"), whereas subsection (c) pertains to UIM coverage.

from the rejection of UM coverage. *See Koch v. Progressive Direct Ins. Co.*, 280 A.3d 1060, 1066 (Pa.Super. 2022) (cleaned up).

In the matter *sub judice*, the rejection form provided in its entirety as follows:

**REJECTION OF UNDERINSURED MOTORIST PROTECTION**

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

DocuSigned by:

Hunter Huggins

**Signature of First Named Insured**

September 2, 2022

**Date**

Form 8056 (06/00)

Complaint, 5/1/24, at Exhibit C.

Relying upon our Supreme Court's decision in *Donovan v. State Farm Mut. Auto. Ins. Co.*, 256 A.3d 1145, 1147 (Pa. 2021), Plaintiff maintains that "without indicating a policy number, the insured cannot **knowingly** reject UIM coverage under a specific policy." Plaintiff's brief at 14-15 (emphasis in original); *see also id*. at 19-22. As such, Plaintiff argues that the rejection is void and he "is entitled to UIM benefits equal to the bodily injury liability limits." *Id*. at 15 (citing 75 Pa.C.S. § 1731(c.1)). Even if not void for failure to comply with § 1731, he insists the rejection is ambiguous because it does not identify the policy number and thus must be interpreted in favor of providing him UIM coverage. *Id*. at 15-16.

Preliminarily, we reject Plaintiff's argument insofar as it relies upon **Donovan**, because that decision is inapposite to the matter at hand. In that case, our Supreme Court addressed whether the use of the form provided in § 1738(d) of the MVFRL constituted a valid waiver of inter-policy stacking of UIM coverage. The Court concluded that "the ability to waive coverage applies to both inter- and intra-policy stacking, so long as the insured is provided with the necessary information to allow a knowing rejection of stacked coverage." **Id**. at 1157 (citation omitted). However, the Court found the language in the form required by § 1738(d) deficient as to inter-policy stacking because it referred only to a single policy. "In other words, it does not provide the necessary knowing waiver of inter-policy stacked coverage, absent the single-vehicle situation[.]" **Id**. (cleaned up).

Unlike in **Donovan**, we are not faced with an issue of whether Plaintiff waived inter-policy stacking of UIM coverage pursuant to § 1738. Rather, we are presented with a § 1731 waiver of UIM coverage on a single policy. Thus, the High Court's concern about the imprecise language in the § 1738(d) form does not apply here.

Indeed, our review confirms that Progressive's form wholly comports with the requirements of § 1731. The form utilized the exact language required by § 1731(c), including the prominent typeface and location. Furthermore, it was separate from the UM rejection and was signed and dated by the first named insured.

- 7 -

Plainly, the lack of a policy number has no bearing upon the validity of Plaintiff's waiver. First, the MVFRL does not require the insurer to include a policy number. Section 1731(c) sets forth the precise language an insurer must use in providing insured's the opportunity to waive UIM coverage. If the General Assembly wanted to mandate the inclusion of policy numbers for a UIM rejection to be valid, it could have added that requirement in § 1731(c.1) or drafted the required form to explicitly provide a space for the policy number to be listed instead of simply requiring the rejection to state "under this policy[.]" 75 Pa.C.S. § 1731(c). Second, in contrast to the situation that the Supreme Court addressed in **Donovan**, the absence of a policy number does not render the rejection here ambiguous because there is only one policy. It simply cannot reasonably be argued that any confusion existed as to which policy Plaintiff's UIM rejection pertained.[3] Thus, his signature on that form constitutes a valid and knowing waiver of UIM coverage for his motorcycle policy with Progressive.

Based on the foregoing, we discern no error in the trial court's conclusion that Plaintiff knowingly rejected UIM coverage, and therefore was not entitled to a declaratory judgment to obtain UIM benefits. Thus, we affirm the order granting summary judgment in favor of Progressive and dismissing with prejudice Plaintiff's complaint.

_____

[3] Since we conclude that the rejection was not void, we do not reach Plaintiff's final argument that equitable considerations cannot overcome the form's invalidity. **See** Plaintiff's brief at 32-33.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/18/2026